UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JETTON, | 1:18-cv-01091-AWI-GSA-PC |
| Plaintiff, | **ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND** |
| vs. | **(ECF No. 1.)** |
| JOHN DOE #1, et al., | |
| Defendants. | **THIRTY-DAY DEADLINE TO FILE AMENDED COMPLAINT** |

**I.    BACKGROUND**

Anthony Jetton "Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On August 14, 2018, Plaintiff filed the Complaint commencing this action, which is now before the court for screening. 28 U.S.C. § 1915. (ECF No. 1.)

**II.    SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. SUMMARY OF COMPLAINT

Plaintiff is presently a state prisoner at California State Prison-Los Angeles County in Lancaster, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR). The events at issue in the Complaint allegedly occurred at Corcoran State Prison (CSP) in Corcoran, California, and California Correctional Institution (CCI) in Tehachapi, California, when Plaintiff was incarcerated at those prisons. Plaintiff names as defendants John Doe #1 (SHU Escort, 1st Watch, CSP); John Doe #2 (SHU Escort, 1st Watch, CSP); John Doe #3 (SHU Officer, 1st Watch, CSP); John Doe #4 (SHU Officer, 1st Watch, CSP); John Doe #5 (Correctional Officer (C/O), Receiving and Release (R&R), 2d Watch, CSP); John Doe #6 (C/O, R&R, 2d Watch, CSP); John Doe #7 (C/O, Driver, CDCR Transportation); John Doe #8 (C/O, Driver, CDCR Transportation); John Doe #9 (Sergeant, CDCR Transportation); John Doe #10 (C/O, R&R, 2d Watch, CCI); John Doe #11 (C/O, R&R, 2d Watch, CCI) (collectively "Defendants").

Plaintiff's allegations follow: On March 21, 2018, Defendants at CSP failed to properly search a SHU release inmate before allowing the inmate to be escorted to R&R and transported to another prison. In violation of CDCR policy, Defendants failed to "wand" the inmate, use a metal detector, or take other reasonable steps to screen the inmate for possession of a metal knife. Compl. at 5 ¶ 4.

On March 21, 2018, Defendants at CCI failed to properly screen the inmates who arrived at CCI's 4A Yard R&R, allowing a SHU release inmate to bring a metal knife into CCI undetected. Plaintiff was stabbed five times by the inmate. Defendants failed to prevent the attack on Plaintiff. As a result, Plaintiff suffered physical and emotional injuries, nightmares, PTSD, and depression.

Plaintiff requests compensatory damages, punitive damages, and costs of suit.

## IV.     PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983,

'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. **Failure to Protect – Eighth Amendment Claim**

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer v. Brennan, 511 U.S. 825, 833 (1970); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer, 511 U.S. at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently "substantial risk of serious harm" to his future health. Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer, 511 U.S. at 835. The court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. See

id. To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

While prison officials have a duty to protect inmates from harm at the hands of other inmates, neither negligence nor gross negligence, as alleged by Plaintiff, rises to the level of a constitutional violation. Hearns, 413 F.3d at 1040. Prison is an inherently dangerous environment and the incidents of violence within prisons amply illustrate that keeping an institution free of inmate weapons is an impossible undertaking, be they of metal or other material. Plaintiff fails altogether to allege any facts from which the court could draw the reasonable inference that the unknown officers knew of a substantial risk of attack on Plaintiff and responded unreasonably. "[I]t is not enough that the official objectively should have recognized the danger but failed to do so." Jeffers v. Gomez, 267 F.3d 895, 914 (9th Cir. 2001) (per curiam) (citation omitted). Because plaintiff failed to sufficiently allege deliberate indifference by the officers, he has failed to state a claim under the Eighth Amendment.

Plaintiff's allegations do not demonstrate that the SHU release inmate was suspected of being a threat. The mere fact that Defendants failed to follow a prison protocol does not support a claim for violation of the Eighth Amendment. There are no facts supporting a claim that any of the Defendants "[knew] of and disregard [ed] an excessive risk to [Plaintiff's] safety," Farmer, 511 U.S. at 837, by permitting the SHU release inmate to be transported to CCI without screening him, which allowed him the opportunity to later stab Plaintiff. Plaintiff does not allege that Defendants knew that the SHU inmate possessed a metal knife or knew that he intended to harm Plaintiff. In fact, there is no indication that Defendants knew of and disregarded any particularized risk to Plaintiff's safety. If anything, Defendants may have been negligent in not screening the inmates for contraband. However, neither negligence, or even gross negligence rises to the level of a constitutional violation. See Farmer, 511 U.S. at 835. Accordingly, Plaintiff's allegations fail to state a cognizable claim. Plaintiff shall be granted leave to file an amended complaint curing the deficiencies in his claim discussed by the court.

///

5

### B. Doe Defendants

Plaintiff names only Doe Defendants in this action. Unidentified, or "John Doe" defendants must be named or otherwise identified before service can go forward. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe Defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute actual names for John Doe. For service to be successful, the Marshal must be able to identify and locate defendants.

## V. CONCLUSION AND ORDER

For the reasons set forth above, the court finds that Plaintiff fails to state a claim in the Complaint upon which relief may be granted under § 1983. Therefore, the Complaint shall be dismissed, with leave to amend. Plaintiff shall be granted thirty days in which to file a First Amended Complaint curing the deficiencies discussed above.

The First Amended Complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). There is no *respondeat superior* liability, and each defendant is only liable for his own misconduct. Iqbal, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues. Plaintiff should also note that he has not been granted leave to add allegations of events occurring after the initiation of this suit on August 14, 2018.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore,

in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Complaint, filed on August 14, 2018, is DISMISSED for failure to state a claim under § 1983, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified in this order;
4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:18-cv-01091-AWI-GSA-PC; and
5. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **May 31, 2019**           **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE