UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JETTON,<br><br>        Plaintiff,<br><br>vs.<br><br>JOHN DOE #1, et al.,<br><br>        Defendants. | 1:18-cv-01091-AWI-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**<br>**(ECF No. 13.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.    BACKGROUND**

Anthony Jetton "Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On August 14, 2018, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On May 31, 2019, the court screened the Complaint and dismissed it for failure to state a claim, with leave to amend. (ECF No. 1.) On June 14, 2019, Plaintiff filed the First Amended Complaint, which is now before the court for screening. 28 U.S.C. § 1915. (ECF No. 13.)

**II.    SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently a state prisoner at Corcoran State Prison (CSP) in Corcoran, California. The events at issue in the First Amended Complaint allegedly occurred at CSP and California Correctional Institution (CCI) in Tehachapi, California, when Plaintiff was incarcerated at those prisons. Plaintiff names as defendants Correctional Officer (C/O) Martinez (Transportation Officer, CDCR), C/O Thomas (CCI), and C/O Estrada (CCI) (collectively, Defendants").

Plaintiff's allegations follow.

On March 21, 2018, Plaintiff was escorted to the CSP Receiving and Release (R&R) building for transfer to CCI. As the Schedule C bus arrived, defendant Martinez entered the R&R

building and began the process for inmate boarding, which involves collecting and organizing inmate profile information. After she (Martinez) finished the paperwork, she was assigned to conduct searches of inmates, which includes a wanding for metal detection. Inmate Pantoja, who had been awaiting transfer was taken from his cage by defendant Martinez, who was supposed to thoroughly search him per CDCR policy before he (Pantoja) was allowed to board the bus. Instead, defendant Martinez allowed Pantoja to board the bus without searching him or wanding him for metal. Plaintiff watched as Pantoja was only cuffed and shackled by Martinez, then allowed to board the bus. Plaintiff was uncaged next, yet Plaintiff was thoroughly searched, including a vigorous frisk and wanding. After the search, Plaintiff boarded the bus and shortly thereafter embarked upon the trip to CCI. Upon arrival to CCI various inmates were escorted one by one off the bus into the CCI R&R building. Defendants Estrada and Thomas were conducting these bus-to-building escorts. Shortly after Plaintiff was escorted into the R&R holding tank, where other inmates from the bus were being held, including inmate Pantoja, Pantoja attacked and battered Plaintiff with a metal manufactured knife.

Defendants Estrada and Thomas failed to search inmates exiting the bus. Plaintiff was able to witness this from the bus window. Plaintiff was not searched when leaving the bus either.

Inmate Pantoja transported the manufactured weapon from Corcoran to Tehachapi, undetected by Martinez, Estrada, and Thomas, because they did not search him. Pantoja stabbed Plaintiff several times with that weapon. Defendants therefore failed to protect Plaintiff.

Plaintiff requests monetary damages.

**IV.     PLAINTIFF'S FAILURE-TO-PROTECT CLAIM**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490

3

U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer v. Brennan, 511 U.S. 825, 833 (1970); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer, 511 U.S. at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate

indifference, exposed a prisoner to a sufficiently "substantial risk of serious harm" to his future health. Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer, 511 U.S. at 835. The court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. See id. To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

While prison officials have a duty to protect inmates from harm at the hands of other inmates, neither negligence nor gross negligence, as alleged by Plaintiff, rises to the level of a constitutional violation. Hearns, 413 F.3d at 1040. Prison is an inherently dangerous environment and the incidents of violence within prisons amply illustrate that keeping an institution free of inmate weapons is an impossible undertaking, be they of metal or other material. Plaintiff fails altogether to allege any facts from which the court could draw the reasonable inference that the unknown officers knew of a substantial risk of attack on Plaintiff and responded unreasonably. "[I]t is not enough that the official objectively should have recognized the danger but failed to do so." Jeffers v. Gomez, 267 F.3d 895, 914 (9th Cir. 2001) (per curiam) (citation omitted).

Here, plaintiff failed to sufficiently allege deliberate indifference by the officers and therefore has failed to state a claim under the Eighth Amendment.

Plaintiff's allegations do not demonstrate that inmate Pantoja was suspected of being a threat. The mere fact that Defendants failed to follow a prison protocol does not support a claim for violation of the Eighth Amendment. There are no facts supporting a claim that any of the Defendants "[knew] of and disregard [ed] an excessive risk to [Plaintiff's] safety," Farmer, 511 U.S. at 837, by permitting inmate Pantoja to be transported to CCI without screening him, which

allowed him the opportunity to later stab Plaintiff. Plaintiff does not allege that Defendants knew that the inmate possessed a metal knife, or knew that he intended to harm Plaintiff. In fact, there is no indication that Defendants knew of and disregarded any particularized risk to Plaintiff's safety. If anything, Defendants were negligent in not screening the inmates for contraband. But neither negligence or gross negligence rises to the level of a constitutional violation. See Farmer, 511 U.S. at 835. Accordingly, the court finds that Plaintiff's allegations fail to state a cognizable claim.

## V. CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claim against any of the Defendants in the First Amended Complaint. Therefore, the court shall recommend that this case be dismissed for failure to state a claim.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Here, the court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court, and Plaintiff has not stated any claims upon which relief may be granted under § 1983. The court is persuaded that Plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013). The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This case be DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under § 1983; and
2. The Clerk be directed to CLOSE this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen days** of the date of service of these findings and recommendations, Plaintiff may file written objections

with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **November 22, 2019**                    **/s/ Gary S. Austin**
                                                           UNITED STATES MAGISTRATE JUDGE